UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:15-CR-10-GFVT-HAI-1 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| JERRY LUKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers the issues remaining following entry of its Memorandum Opinion (D.E. 72) concerning Defendant's Motion to Suppress (D.E. 39). Specifically, after finding that an initial warrant-backed seizure of Defendant's computer equipment was not validly authorized by either the warrant, Defendant's consent, or the plain view doctrine, the Court found that *Leon* would not apply to save the seizure. Next, the Court found that a subsequent warrant authorizing the search of that computer equipment was also not supported by probable cause. Left open for decision was whether *Leon* would apply to save the evidence obtained in the second search. The parties have submitted supplemental briefs on that issue (D.E. 79, 80), the Court has fully reviewed the evidence, arguments, and authority presented, and finds that *Leon* does apply because the conduct in question is not sufficiently culpable to warrant suppression. Although authority exists that supports a contrary result, the undersigned concludes that suppression is not warranted under the analytical framework dictated by the Supreme Court.

The defense contends that *United States v. Leon*, 468 U.S. 897 (1984), does not apply because the second warrant was so lacking in indicia of probable cause as to render official belief in its existence unreasonable. D.E. 79 at 3. In sum, the defense argues law enforcement was not

1

acting in an objectively reasonable fashion when seeking the second warrant, that the requesting officer's actions are "troubling" and his consistent participation in obtaining both warrants favors suppression, that certain aspects of the first search were not disclosed in the second warrant application, and that the first search was too far removed from the line of validity to allow for reasonable belief in the second warrant. This argument primarily seeks to distinguish this case from *United States v. McClain*, 444 F.3d 556 (6th Cir. 2005), arguing instead that *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008), controls. The defense concludes by arguing that, if suppression is not appropriate in these circumstances, the exclusionary rule has been whittled down to nothing.

The United States, of course, disagrees, contending that no police misconduct exists in this case and therefore suppression is inappropriate. Additionally, the United States argues that case law and Congressional findings correlate possessing child pornography with sexual activity involving children, and that correlation undercuts any finding of culpability on law enforcement's part. The United States also argues that *Hodson* does not control and has been supplanted by the balancing required by *Davis v. United States*, 564 U.S. 229, 237 (2011), and *Herring v. United States*, 555 U.S. 135, 144 (2009).

The exclusionary rule generally requires the exclusion of evidence that is "directly" or "primarily" discovered as the result of an unlawful search. Wayne R. LaFave, 6 SEARCH AND SEIZURE § 11.4 (4th ed. 2004). Stated another way, the exclusionary rule prohibits the "introduction into evidence of tangible materials seized during an unlawful search, and of testimony concerning knowledge acquired during an unlawful search." *Murray v. United States*, 487 U.S. 533, 536 (1988) (internal citation omitted). Suppression of evidence, however, should not be a court's first impulse. *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). Instead,

"exclusion may not be premised on the mere fact that a constitutional violation was a 'but-for' cause of obtaining evidence." *Hudson*, 547 U.S. at 592. Moreover,

> Real deterrent value is a necessary condition for exclusion, but it is not a sufficient one. The analysis must also account for the substantial social costs generated by the rule. Exclusion exacts a heavy toll on both the judicial system and society at large. It almost always requires courts to ignore reliable, trustworthy evidence bearing on guilt or innocence. And its bottom-line effect, in many cases, is to suppress the truth and set the criminal loose in the community without punishment. Our cases hold that society must swallow this bitter pill when necessary, but only as a last resort. For exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs.

*Davis v. United States*, 564 U.S. at 237 (quotations and citations omitted).

"[T]he exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." *Herring*, 555 U.S. at 144. "The extent to which the exclusionary rule is justified by these deterrence principles varies with the culpability of the law enforcement conduct." *Id*. at 143. *Leon*, *Davis*, and *Herring* indicate the flagrancy of law enforcement's conduct must be assessed. *Leon*, 468 U.S. at 911; *Davis*, 564 U.S. at 238; *Herring*, 555 U.S. at 143. Isolated negligence does not justify suppression. *Davis*, 564 U.S. at 239. The Court in *Davis* stressed that in the 27-year history of the good faith exception, it had never applied "the exclusionary rule to suppress evidence obtained as a result of nonculpable, innocent police conduct." *Id*. at 241. The Sixth Circuit has said that the "crucial finding" to support suppression is that the "'police [mis]conduct [is] sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.'" *United States v. Master*, 614 F.3d 236, 243 (6th Cir. 2010) (quoting *Herring*, 555 U.S. at 144).

The Court has already found that *Leon* does not apply to save the seizure pursuant to the January 16, 2013 warrant. The "minimally sufficient nexus" requirement is, in this Court's view,

3

so fundamental to any search warrant, and the facts in this case were so deficient as to that requirement, that law enforcement's belief in the existence of probable cause to support the warrant was unreasonable and therefore *Leon*-type good faith did not exist. Implicit in this reasoning, and now made explicit, is that the benefits of deterring non-compliance with this fundamental requirement outweigh the costs of suppression. The nexus requirement is simply too important and too easily addressed through acceptable investigative techniques for the Court to allow it to be completely ignored as occurred in this case.

Logically, it might seem as if this is the end of the matter because, if law enforcement did not validly seize Defendant's computer equipment, it should not be allowed to search that equipment either. Not so. "[T]he legality of the seizure is not the ultimate issue in this case because an illegal seizure does not automatically preclude all evidence obtained after the seizure." *United States v. Budd*, 549 F.3d 1140, 1147 (7th Cir. 2008).[1]

Law enforcement's conduct in this case was not sufficiently deliberate or culpable to support suppression and justify the cost of excluding the evidence found on Defendant's computer. *Leon*, *Herring*, and *Davis* clearly require this result. The focus is upon what conduct by law enforcement in seeking the January 17, 2013 warrant could meaningfully be deterred. But the mistake here was Officer Hudson's conclusion that what he had seen established probable cause. He was lawfully in Defendant's residence and searched it pursuant to Defendant's consent. The observations he made were perfectly permissible. He seized the computer equipment without valid authorization, but took the laudable step of seeking a warrant to search that equipment. His assessment that probable cause existed to search for evidence of child pornography was, in this Court's view, mistaken, but there is no evidence that he acted

---

[1] In *Budd*, the Seventh Circuit applied the independent source doctrine to conclude that exclusion of evidence of child pornography found on an illegally seized computer was not warranted. *Budd*, 549 F.3d at 1147-48. The United States has not relied upon this doctrine to save the search pursuant to the January 17, 2013 warrant.

flagrantly, deliberately, or culpably in terms of what he knew, how he came to know it, what he concluded, or how the information was presented to the issuing judge. There was no misconduct by Hudson that requires deterrence. The defense contends he merely had a hunch, but there is no evidence that he acted solely based on that hunch in ***flagrant*** disregard of Defendant's rights. Instead, he presented the information lawfully obtained to the issuing magistrate.

*United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008), relied upon by the defense, is not controlling because of the analysis required by the Supreme Court in *Davis* and *Herring*. In *Hodson*, probable cause supported a search for evidence of child molestation, but that evidence alone was insufficient to support a search for evidence of child pornography. *Leon* was held not to apply because the court concluded that "any 'reasonably well trained officer' would certainly have come to that realization if presented with this warrant." *Hodson*, 543 F.3d at 293. Essentially, the court concluded that an inference required to draw a nexus between child molestation and the likelihood of possession of child pornography was not reasonable to draw without "further evidence to support that inference." *Id*. The court stressed that "[a]n officer seeking a warrant must produce adequate supporting facts about the underlying circumstances" to support the particular search requested. *Id*. at 293-94. Here, Hudson relied upon specific evidence, namely the pornographic magazines indicating a preference for "women of a young age," the digital camera, "whips, leg shackles and bondage restraints [indicating] sexual domination," and the "large amount" of hard drives and zip drives. Hudson did not rely upon a general inference that he had drawn that lacked an evidentiary basis like that in *Hodson*, he relied upon specific evidence and presented that to the issuing judge. This Court has found that the evidence did not establish probable cause, but the flagrancy focus in *Davis* and *Herring* insulates Hudson's conduct.

*United States v. McClain*, 444 F.3d 556 (6th Cir. 2005), supports the conclusion that suppression is not warranted. There, law enforcement entered a residence, without a warrant, based upon a suspicion of burglary and discovered evidence that a marijuana grow operation was being set up therein. Law enforcement relied upon the observations made to obtain a search warrant to search the residence, as well as five other properties that had been linked to the residence's owners. The warrant-backed search revealed evidence of a marijuana grow operation, including marijuana plants and plant-growing equipment. The warrantless search was held to be unsupported by probable cause and therefore in violation of the Fourth Amendment. *McClain*, 444 F.3d at 564. With respect to the second, warrant-backed search, the Sixth Circuit described the circumstances as "unique" and involving an issue of first impression, "namely, we must reconcile the 'good faith' exception established in *Leon* with the 'fruit of the poisonous tree' doctrine[.]" *Id*. (citations omitted). Characterizing the warrants themselves as "the fruit of the poisonous tree," the question was framed as "whether the good faith exception to the exclusionary rule can apply in a situation in which the affidavit supporting the search warrant is tainted by evidence obtained in violation of the Fourth Amendment." *Id*. at 565. Reasoning that the initial warrantless entry was not objectively unreasonable and that there was no evidence that the officers knew they were violating the Fourth Amendment, the court held that they acted in good faith and the facts concerning the warrantless search "were close enough to the line of validity" to render the belief in the validity of the warrant to be objectively reasonable. *Id*. at 566. Thus, *Leon* applied to prevent exclusion.

The facts here are even closer to the line of validity. The affidavit in *McClain* focused upon the evidence observed during the warrantless entry, specifically that a marijuana grow operation was being set up. So the evidence seen during the unlawful search formed the very

6

factual basis for obtaining the warrant. Here, Hudson lawfully entered and searched Defendant's residence. The facts he later included in his affidavit were therefore perfectly permissible observations to have made. He did refer in his affidavit to the seizure of the computer equipment, which this Court has invalidated, but the seizure itself was immaterial to the probable cause determination. Thus, the information contained in Hudson's affidavit and the warrant were not actually the "fruit" of any unlawful search. *McClain* therefore does not directly apply, but does illustrate the deference to be paid to law enforcement in the absence of flagrant, deliberate, or culpable misconduct.

Not persuasive is the argument presented by the United States that judicial and congressional recognition of a link between sexual interest in minors and possession of child pornography renders Hudson's conduct reasonable and lacking in culpability. There is no evidence that Hudson relied upon, or was even aware of, that link during the course of his investigation. The link is not described in his affidavit supporting the second warrant, nor is there any evidence that he otherwise made the issuing judge aware of it. It is true that the Court must evaluate the conduct of all officers involved because in "all suppression cases, all of the relevant facts and circumstances should be weighed in the balance[.]" *Master*, 614 F.3d at 243. But the general link the United States relies upon is the very type of inference the Sixth Circuit invalidated in *Hodson* for lack of supporting evidence. As described above, in the Court's view, Hudson's conduct, as well as Litford's minor involvement, was not sufficiently culpable to require suppression even without making the connection urged by the United States.

In its Memorandum Opinion, the Court suggested that the parties examine the factors identified by Judge Wier in footnote 16 of his Recommended Disposition in *United States v. Dawson*, No. 5:13-CR-7-DCR-REW, 2013 WL 1332573 (E.D. Ky. Mar. 15, 2013), which

address how *McClain* applies. These considerations have been helpful to the Court, but ultimately the *Davis-Herring* formulation controls. *United States v. Fugate*, 499 F. App'x 514 (6th Cir. Sept. 7, 2012), makes clear that, although *McClain* is binding, the balancing required by the Supreme Court must be undertaken to determine whether suppression is warranted. As described above, no evidence of sufficiently flagrant conduct exists to warrant suppression.

The Court's May 31, 2016 Memorandum Opinion (D.E. 72) is expressly adopted, in full, herein. Based upon the Court's proposed findings of fact and conclusions of law made in that Memorandum Opinion and as set forth above, the undersigned **RECOMMENDS** that Defendant's Motion to Suppress (D.E. 39) be **GRANTED, IN PART,** and **DENIED, IN PART.** Specifically, the undersigned recommends that the District Judge find that the January 16, 2013 warrant was invalid, and neither Defendant's consent, the plain view exception, nor *Leon* apply to save the seizure of the computer equipment in Defendant's residence. Furthermore, although the January 17, 2013 warrant was not supported by probable cause, the undersigned recommends that the District Judge find that the *Leon* good faith exception applies to the search conducted pursuant to that warrant.[2]

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. Pursuant to § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), any party may serve and file written objections to any or all portions for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 59(b) waives a party's right to review.

---

[2] While the undersigned recommends suppression as to the computer equipment seized, but not the search of that equipment, nothing in this Recommended Disposition addresses whether the evidence revealed by the search of that equipment is admissible under the Federal Rules of Evidence.

This the 12th day of July, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge