Eastern District of Kentucky
FILED
(MRS)
JAN 31 2017
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 6:15-CR-10-GFVT-S**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**JERRY LUKE** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2252(a)(4)(B). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2 and the underlying Indictment. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment. The Defendant also agrees that all victims of his relevant conduct shall be considered victims under the Crime Victims' Rights Act and are entitled to restitution under 18 U.S.C. §§ 2259, 3663, and 3663A.

2. The essential elements of Count 1 are:

(a) The defendant knowingly possessed one or more electronic storage media files containing a visual depiction;

(b) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(c) the visual depiction was of a minor engaging in sexually explicit conduct;

(d) the defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and

(e) the visual depictions had been transported using any means or facility of interstate commerce or in or affecting interstate commerce.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about January 16, 2013, in Knox County, in the Eastern District of Kentucky, law enforcement seized from the Defendant's residence computer equipment and digital storage media storage devices that were owned by and in the sole possession of the Defendant. A subsequent search of this computer equipment and digital media storage devices revealed images and videos of child pornography. Some of the visual depictions were produced outside of Kentucky and necessarily were transported and shipped using a means or facility of interstate commerce. The Defendant knew that images and videos he possessed contained visual depictions, the production of which involved prepubescent minors engaging in sexually explicit conduct.

(b) As an example, one of the images depicts a prepubescent female whose legs are spread at a 90-degree angle to her torso. The victim is nude and has ejaculate visible on her from below her left nipple to her vaginal area. The victim is reclined on an adult male who is hairy and visible from his left stomach area to his upper thighs. The victim's vaginal area is against the shaft of the man's penis, specifically with her vulva spread to both sides of the shaft portion of the man's penis. The head of the man's penis is pointing upwards above the victim and is wet with ejaculate. Another image depicts a nude prepubescent female on her back on a quilt. Her hands are tied at the wrist with a yellow rope and positioned above her head. She is blindfolded with a black cloth. A brown leather collar is visible around her neck. The victim's legs are spread apart in a manner facilitating the display of her genitals. Her legs are each visible to the knee where the edge of the image crops.

4. The statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years. Restitution to the victims of the Defendant's relevant conduct is mandatory pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A, and the amount will be determined by the Court. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. The United States and the Defendant agree to the following specific sentence, which binds the Court upon acceptance of this plea agreement:

(a) The Defendant's sentence of imprisonment shall be 150 months.

(b) The Defendant's term of supervised release shall be for life.

(c) A fine shall not be imposed because the Defendant is unable to pay a fine and is not likely to become able to pay any fine.

(d) Pursuant to U.S.S.G. § 5E1.1, restitution is mandatory and all identified victims of the Defendant's relevant conduct are entitled to restitution in an amount to be determined by the Court.

6. The Defendant and the United States agree that the Defendant's period of incarceration in Knox Circuit Court Case No. 13-CR-00120 from July 26, 2013 until his arraignment in the instant case on March 3, 2015, a period which totals 585 days, shall be credited as time served on the 150-month sentence imposed in the instant case. The parties further agree to jointly request that the Court include this provision in the final judgment.

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Superseding Indictment and will execute any documents necessary for this forfeiture.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C.

§ 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 1-31-17 By: /for
Gregory Rosenberg
Assistant United States Attorney

Date: 1-31-17
Jerry Luke
Defendant

Date: 1-31-17
Willis Coffey
Attorney for Defendant

**APPROVED**, this ______ day of ______________________, __________.

UNITED STATES DISTRICT JUDGE