United States District Court
Eastern District of Kentucky
Southern Division
London
Criminal No. 15-10-GFVT

Electronically Filed

United States of America Plaintiff,

V.

Jerry Luke Defendant.

---

Sentencing Memorandum

---

Comes now the defendant, Jerry Luke, by counsel, and tenders a sentencing memorandum in advance of sentencing scheduled for May 30, 2017 at 1:30 pm in London.

## FACT

Luke pled guilty per Fed. R. Crim. P. 11(c)(1)(C) to count 1 of the superseding indictment, the possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Per the plea agreement Count 2, the attempt

to produce child pornography in violation of 18 U.S.C. §2251(e), will be dismissed at the time of sentencing.

The statutory penalty for this offense is a maximum sentence of imprisonment of 20 years. (PSR paragraph 80). Luke's guideline range is 151-188 months. (PSR paragraph 80.) This range is based on a total offense level of 33 and criminal history category of II. (PSR paragraph 80). Luke has 2 criminal history points. (PSR paragraph 41).

Per the plea agreement, subject to the Court's approval, the parties agreed on a sentence of imprisonment of 150 months. Further the parties agreed,

The Defendant and the United States agree that the Defendant's period of incarceration in Knox Circuit Court Case No. 13-CR-00120 from July 26, 2013 until his arraignment in the instant case on March 3, 2015, a period which totals 585 days, shall be credited as time served on the 150-month sentence imposed in the instant offense. The parties further agree to jointly request that the Court include this provision in the final judgment.

(Plea Agreement, paragraph 6, REN 97).

Luke is 49 years old. He has lived most of his life in Eastern Kentucky. (PSR paragraphs 47-54). He is divorced and has no children.

Luke dropped out of high school in the twelfth grade. To his credit, he obtained his GED and completed some online college courses. (PSR paragraphs 64-65). According to the PSR, for the most part, Luke has a solid adult work history (prior to his arrest in this matter). (PSR paragraph 69-77).

Further as discussed in the PSR, Luke has a substance abuse history and mental health history as well.

## Objection to PSR

After review of the PSR, Luke instructed counsel to file a single objection to the Report. It is the defendant's position the cross reference in U.S.S.G. §2G2.2(c)(1) does not apply since count 2 (the attempt to produce child pornography) is to be dismissed at sentencing. Luke takes the position the cross reference does not apply to conduct which is the subject of acquitted or dismissed offenses. Were Luke's position correct, this would impact his Guideline calculations significantly. Counsel has no authority to offer in support of this argument.

## 18 U.S.C. § 3553(a)

The possession of child pornography is obviously a very serious offense. A crime which by its nature is devastating to its young victims. Even a quick review of the Guidelines illustrates how seriously the offense is viewed.

Luke, however, does present with several mitigating factors. First, at age 49 he has a very modest criminal history. Second, for his adult life he possessed a stable work history. Third, Luke is an intelligent man who is capable, upon release from custody, of being productive again.

The Court must consider the seriousness of the offense, promote respect for the law, provide a just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. Luke is in a sentencing range of 150 months due to the binding nature of the plea agreement. This is only one month less than the low end of the guideline range calculated in the PSR (188-151 months). Based on the length of the recommended sentence and Luke's age, it is very unlikely he will reoffend.

The sentence must provide the defendant with any corrective treatment in the most effective manner. Luke will benefit from both substance abuse and mental health counseling and treatment.

The Court must avoid unwarranted sentencing disparities. A sentence of 150 months will not create a significant disparity among similarly situated defendants around the Country.

Finally, the Court must consider restitution. Per the PSR, restitution is required. However, Luke is indigent and does not have the ability to pay. Further none of the identified victims have requested restitution.

In summary, Luke asks that the plea agreement be accepted by the Court.

Respectfully Submitted,

/s/Willis G. Coffey
Willis G. Coffey
Coffey and Ford, P.S.C
P.O. Box 247
Mt. Vernon, Ky. 40456
(606)256-4405

Certificate of Service:

I hereby certify on May 24, 2017, I electronically filed the foregoing sentencing memorandum with the Clerk of the Court by using the CM/ECF system, which will send notice to counsel of record. I also emailed a copy to the Court at gfvt_chambers@kyed.uscourts.gov.

/s/Willis G. Coffey