UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:15-cr-00010-GFVT-EBA-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| v. | **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| JERRY LUKE, | DEFENDANT. |

This matter is before the undersigned on Defendant Jerry Luke's Motion to Vacate pursuant to 28 U.S.C. § 2255. [R. 114]. As grounds for relief, Defendant alleges ineffective assistance of counsel for counsel's failure to (1) challenge jurisdiction; and (2) investigate and introduce exculpatory evidence. *Id.* at 4-5; [R. 114-1]. Having considered this matter fully, and being otherwise sufficiently advised, the undersigned will recommend Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [R. 114] be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 25, 2015, Defendant was charged with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). [R. 1]. On January 31, 2017, pursuant to the terms of a Binding Plea Agreement [R. 97], Defendant pleaded guilty before the Hon. Hanly A. Ingram, United States Magistrate Judge, to possession of child pornography. [R. 95; R. 96; R. 97; R. 98]. On March 23, 2017, the Hon. Gregory F. Van Tatenhove, United States District Judge, adopted the Hon. Hanly A. Ingram's Recommendation [R. 95] that the Court accept Defendant's guilty plea and adjudge Defendant guilty. [R. 99]. By pleading guilty, Defendant waived the right to appeal his guilty plea, conviction, and sentence. [R. 97, at 4]. Except for claims of ineffective

assistance of counsel, the Defendant also waived his right to collaterally attack his guilty plea, conviction, and sentence. *Id.*

On May 30, 2017, the Court held a sentencing hearing. [R. 107]. On June 2, 2017, the Court entered its Judgment upon Defendant's Plea of Guilty [R. 108] sentencing Defendant to the following: one hundred fifty (150) months in prison; supervised release for life; and a criminal monetary penalty in the form of a $100 assessment. [R. 108].

On March 1, 2018, Defendant filed the present Motion to Vacate pursuant to 28 U.S.C. § 2255 [R. 114] arguing he was denied effective assistance of counsel because his counsel allegedly "never challenged the federal government's jurisdiction to prosecute, nor this court's jurisdiction to hear the case." [R. 114-1, at 2]. Additionally, Defendant argues he was denied effective assistance of counsel because counsel allegedly failed to investigate and introduce exculpatory evidence. *Id.* at 4-7. These claims are addressed below.

## STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived if the waiver is knowingly, intelligently, and voluntarily made."). For a federal prisoner to prevail on a 28 U.S.C. § 2255 claim, he must show that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law nor open to collateral attack, or otherwise must show that there was "a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.*

Put another way, for relief under 28 U.S.C. § 2255, the prisoner must show that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed

outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004); *see also Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003), cert. denied, 540 U.S. 879 (2003). He must sustain these allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (unpublished) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). If the prisoner alleges a constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Pough*, 442 F.3d at 964. Alternately, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

To prevail on an ineffective assistance of counsel claim under § 2255, the petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . ." *Id.* Second, the petitioner must establish prejudice, by showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694–95. Notably, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and

3

prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

In the context of a plea agreement, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Ohara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992).

## **DISCUSSION**

Before determining whether Defendant was provided ineffective assistance of counsel, the Court must consider whether Defendant's arguments are properly before the Court. Specifically, the Court must determine whether Defendant's ineffective assistance of counsel arguments are, in fact, sufficiency of the evidence arguments. Whether Defendant is arguing there was not sufficient

4

evidence to convict him is a threshold determination because "[t]he United States Court of Appeals for the Sixth Circuit has repeatedly and consistently held that the 'sufficiency of the evidence to support a conviction may not be collaterally reviewed on a § 2255 proceeding.'" *Mitchell v. U.S.,* Nos. 2:05-CV-274, 2:04-CR-02, 2007 WL 325762, at *3 (E.D. Tenn. Jan. 31, 2007) (quoting *United States v. Osborn,* 415 F.2d 1021, 1024 (6th Cir. 1969)). "Section 2255 cannot be used to attack the sufficiency of the evidence by which a defendant is convicted, as that is an issue that can be raised only by direct appeal." *Mitchell,* 2007 WL 325762, at *3 (citing *Stephan v. United States,* 496 F.2d 527, 528-29 (6th Cir. 1974)); *see also U.S. v. Shields,* 291 F.2d 798, 799 (6th Cir. 1961) ("A Section 2255 proceeding cannot be used as a substitute for an appeal."). Accordingly, "[t]he sufficiency of the evidence to prove the alleged offenses will not be reviewed in [a 28 U.S. § 2255] proceeding." *Shields,* 291 F.2d at 799 (citing *Dunn v. United States,* 250 F.2d 548 (6th Cir. 1957)).

In the present case, as previously mentioned, Defendant argues he was denied ineffective assistance of counsel based on two grounds for relief. The Court will consider both of Defendant's grounds for relief separately.

### **A. GROUND ONE**

Under Ground One, Defendant alleges he was denied effective assistance of counsel because his counsel allegedly "never challenged the federal government's jurisdiction to prosecute, nor this court's jurisdiction to hear the case." [R. 114-1, at 2]. As previously mentioned, Defendant pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). [R. 95; R. 96; R. 97; R. 98]. The essential elements of possession of child pornography are:

> (a) The defendant knowingly possessed one or more electronic storage media files containing a visual depiction;

5

>(b) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
>(c) the visual depiction was of a minor engaging in sexually explicit conduct;
>(d) the defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and
>(e) the visual depictions had been transported using any means or facility of interstate commerce or in or affecting interstate commerce.

[R. 97, at 1-2].

Now, Defendant argues there is no proof that the data storage devices on which the child pornography was found were ever connected to the internet. *Id.* at 2-3. Therefore, Defendant argues, "[T]here is no material evidence in the underlying criminal case that [Defendant] accessed any form of interstate commerce or communication vehicle in order to come into possession of the photographs." *Id.* at 3. While Defendant's aforementioned allegation is framed as an ineffective assistance of counsel claim, Defendant's allegation is, in fact, a sufficiency of the evidence argument. Put simply, Defendant is asking the Court to find there was insufficient evidence to support the possession of child pornography charge to which Defendant pleaded guilty. *Id.* However, what the evidence could have shown and whether there was sufficient evidence in the proceedings that led to Defendant's conviction may not be reviewed by this Court in a 28 U.S.C. § 2255 proceeding. *Mitchell,* 2007 WL 325762, at *3; *Shields,* 291 F.2d at 799.

Additionally, in Defendant's Binding Plea Agreement [R. 97], Defendant admitted, "Some of the visual depictions were produced outside of Kentucky and necessarily were transported and shipped using a means or facility of interstate commerce." [R. 97, at 2]. Also, during Defendant's January 31, 2017 rearraignment [R. 96], after covering the plea agreement, the Court "found that Defendant pled guilty in a knowing, voluntary, and intelligent fashion." [R. 95, at 2]. Furthermore, during Defendant's rearraignment [R. 96], "an adequate factual basis supporting the plea as to each essential offense element for the applicable charge was presented," and "[t]he Court covered all

6

areas and confirmed Defendant's understanding of all matters . . . ." [R. 95, at 2]. Moreover, Defendant fails to argue his guilty plea was not knowing, voluntary, and intelligent. So, not only did Defendant admit some of the visual depictions on the devices were necessarily transported and shipped in interstate commerce [R. 97, at 2], the Court reviewed the element of the offense requiring the visual depictions be shipped or transported in interstate commerce, the Court confirmed Defendant understood the elements of the offense, and Defendant still chose to plead guilty [R. 95, at 2].

Furthermore, as previously mentioned, Defendant waived his right to appeal or collaterally attack his guilty plea, conviction, and sentence. [R. 97, at 4]. The only possible claim Defendant did not waive was a claim for ineffective assistance of counsel. *Id.* While Defendant frames his argument as an ineffective assistance of counsel claim, it is clearly a claim attacking the sufficiency of the evidence to support Defendant's conviction, as evidenced by the following subheading of Defendant's supposed ineffective assistance of counsel claim: "Federal Government Lacked Any Jurisdiction in that Petitioner Never Affected Interstate Commerce According to Any Evidence in the Record." [R. 114-1, at 2]. Since Defendant knowingly, voluntarily, and intelligently pleaded guilty [R. 95; 97], Defendant's Binding Plea Agreement [R. 97], including the admissions and waiver therein, is fully enforceable and bars Defendant's challenge to the sufficiency of the evidence. *Mitchell,* 2007 WL 325762, at *3 (barring a challenge to the sufficiency of the evidence where the petitioner knowingly and voluntarily waived the right to collaterally attack his plea).

### B. GROUND TWO

Under Ground Two, Defendant argues he was denied effective assistance of counsel because counsel allegedly failed to investigate and introduce exculpatory evidence. [R. 114-1, at 4-7]. Specifically, Defendant asserts that he "desired to go to trial where he wanted to present three

7

witnesses" who could have testified that Defendant "routinely collected, stored and sold thousands of discarded computers and computer parts." *Id.* at 6. Additionally, Defendant asserts the three witnesses' testimonies could have shown Defendant lacked the computer skills to "retrieve and transfer any photos." *Id.* at 7. Furthermore, Defendant argues that had he gone to trial, "[he] would have been able to bring facts such as that on the second floor of the home there were more than 20 computers that he recovered during his sanitation collections outside the thousands of various homes he retrieved them from." *Id.*

Like Defendant's Ground One, Defendant's Ground Two is a sufficiency of the evidence argument under the guise of an ineffective assistance of counsel claim. The true nature of Defendant's Ground Two claim is displayed in Defendant's Ground Two subheading, which reads: "'No Evidence' Present In Record Showing that Petitioner Was Aware That He was In Possession of Child Pornography." *Id.* at 5. Defendant argues that had he gone to trial, there were three witnesses that could have testified that Defendant's lack of computer skills shows Defendant was not aware, and could not have been aware, he possessed child pornography. *Id.* at 5-7. Additionally, as previously mentioned, Defendant argues he would have been able to show he possessed more than 20 computers that he had recovered during his sanitation collections. *Id.* at 7. However, a 28 U.S.C. § 2255 proceeding is not the proper setting for Defendant to attempt to argue either that there was insufficient evidence to convict him or that he could have presented evidence at trial, and the Court is unable to review such an argument. *Mitchell,* 2007 WL 325762, at *3; *Shields,* 291 F.2d at 799.

Also, as described previously herein, the reason Defendant did not go to trial and was not given the opportunity to introduce witnesses and allegedly exculpatory evidence was because Defendant knowingly, voluntarily, and intelligently pleaded guilty. [R. 95; R. 96; R. 97; R. 98].

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *U.S. v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001). Unless claims of ineffective assistance of counsel "attack the voluntary or intelligent nature of [a] plea by showing that counsel's advice was inadequate," those claims are waived by the subsequent guilty plea. *Id.* at 308-09.

Here, Defendant neither attacks the "voluntary or intelligent nature" of his guilty plea nor alleges counsel's advice was inadequate. Instead, Defendant alleges counsel's assistance was ineffective because counsel did not present witnesses and allegedly exculpatory evidence at a trial Defendant chose not to have. [R. 114-1, at 4-7]. Since Defendant failed to allege his guilty plea was not made knowingly, voluntarily, and intelligently, and the failure to introduce witnesses and evidence had nothing to do with Defendant's counsel's performance and everything to do with the fact that Defendant chose not to go to trial, Defendant's counsel's performance was not deficient. *Stiger,* 20 F. App'x at 308-09; *Strickland*, 466 U.S. at 687-88. Therefore, Defendant's Ground Two ineffective assistance of counsel claim also fails on the merits. The Court need not address whether Defendant was prejudiced by counsel's performance. *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

## **RECOMMENDATION**

For the reasons outlined above, it is RECOMMENDED that Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [R. 114] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d

737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 21st day of March, 2018.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge