UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Crim. No.: 6:15-cr-0010-GFVT-EBA |
| ) | Related Civil No.: 6:18-cv-0064-GFVT |
| V. ) | |
| ) | |
| JERRY LUKE, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant/Petitioner. ) | **ORDER** |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Edward B. Atkins. [R. 117.] The Defendant, Jerry Luke, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. [R. 114.] Consistent with local practice, Judge Atkins reviewed the motion and ultimately recommends that the Court deny Defendant Luke's motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Luke filed objections on April 16, 2018, over three weeks after Judge Atkins's Recommended Disposition was filed and after the allowed fourteen days. [R. 118.] Even so, the Court has reviewed his objections and found them to be without merit. The Court acknowledges its duty to review Mr. Luke's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Under this more lenient standard, some of Mr. Luke's objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Luke's objections will be **OVERRULED**.

I

Judge Atkins's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record in this Order.

Defendant Jerry Luke was indicted on February 25, 2015, for possession of child pornography. [R. 1.] This indictment was superseded in August to add a charge for attempted production of child pornography. [R. 21.] On January 31, 2017, he entered into a binding plea agreement with the United States, whereby he agreed to enter a guilty plea to possession of child pornography, serve 150 months imprisonment, and waive his appeal rights in exchange for the United States dropping the attempted production charge. [R. 97.] Mr. Luke was sentenced on June 2, 2017, before this Court, to the agreed-upon 150 months incarceration. [R. 107; R. 108.]

On March 1, 2018, Mr. Luke filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. [R. 114.] Mr. Luke claims his counsel failed to challenge the Court's jurisdiction and failed to investigate and introduce exculpatory evidence. *Id*. Judge Atkins considered both arguments and found them both to be claims of insufficient evidence cloaked as ineffective assistance of counsel claims. [R. 117 at 7–8.] Because Mr. Luke had waived all claims, except for ineffective assistance of counsel, in his plea agreement, Judge Atkins recommended denying both claims. *Id*. at 9–10.

## II

### A

Mr. Luke objects to the Magistrate Judge's classification of his arguments, pointing to *Messaro v. United States* and *Kimmelman v. Morrison* to show that any claim which "denies a petitioner justice is preserved in a denial of effective assistance of counsel claim where counsel's ineffectiveness was the 'cause' of the default." [R. 118 at 2.] Neither case, however, stands for the proposition that a petitioner can make any collateral attack on his or her sentence merely by classifying it as an ineffective assistance of counsel claim. *See Messaro v. United States*, 538 U.S. 500 (2003); *Kimmelman v. Morrison*, 477 U.S. 365 (1986).

Even assuming Mr. Luke can bring these claims as ineffective assistance of counsel challenges, both claims fail on the merits. A petitioner must demonstrate both deficient performance and prejudice to the petitioner to prevail on such a claim under § 2255. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Mr. Luke claims his counsel failed to challenge the Court's jurisdiction because the child pornography located by authorities was not connected to the internet. [R. 114-1 at 2–3.] However, in his plea agreement, Mr. Luke admitted under oath that some of the pornography was produced outside of Kentucky and subsequently

3

transferred into Kentucky using interstate commerce. [R. 97 at 2.] He cannot now claim that the materials were not within the jurisdiction of the Eastern District of Kentucky. Next, he claims his attorney failed to present exculpatory evidence. [R. 114-1 at 4–7.] Mr. Luke asserts that he wanted to go to trial where he could present evidence that he was unaware of his possession of child pornography. *Id*. at 5. Again, Mr. Luke admitted, under oath, to the knowing possession of pornography. [R. 95; R. 96; R. 97; R. 98.] He makes no attempt to establish that his plea agreement was not entered into knowingly, voluntarily, or intelligently, and thus, he cannot now contest his own assertion of the facts. *See United States v. Adams,* 598 F. App'x 425, 428 (6th Cir. 2015). Furthermore, even if these claims are properly classified as challenges to the effectiveness of his counsel, and even if the performance of his counsel was deficient, Mr. Luke has not demonstrated that such deficiency was prejudicial to his case. *See Strickland*, 466 U.S. 687. This would require Mr. Luke to prove with "reasonable probability" that, but for the deficiency of his counsel, the outcome of his case would be different. *Id*. at 694. He has only provided the Court with speculation that his conviction and sentence might have been more favorable to him, but he has offered no "reasonable probability" that he would have been acquitted.

**B**

After filing his objections, Mr. Luke also filed a *pro se* "Motion to Take Judicial Notice." [R. 126.] However, in this filing, Mr. Luke restates his objection that this Court has no jurisdiction over this matter, and he continues to argue that his counsel was ineffective by not contesting jurisdiction. *Id*. Thus, this motion will be construed as further objections to the Magistrate Judge's Recommended Disposition.

While the Court must review *pro se* filings under a more lenient standard, this does not apply to readily comprehendible deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Judge Atkins made clear in his Recommendation that objections must be filed within fourteen days of service. [R. 117 at 9.] Mr. Luke's "Motion to Take Judicial Notice" was filed on August 13, 2018, nearly five months after Judge Atkins filed his Recommended Disposition. [R. 117; R. 126.] *Pro se* litigants are not excepted from clearly articulated deadlines that can be understood without formal legal training or familiarity with legal principals. *Jabe*, 951 F.2d at 110. Thus, Mr. Luke's construed second objections are overruled.

## C

Finally, Mr. Luke has also requested transcripts and discovery in his case. [R. 123.] In this motion, he asks for all documents and evidence in regard to the Restitution Order entered by this Court on August 2, 2018. *Id*. Following the Court's Amended Judgment ordering restitution in this matter, Mr. Luke filed an appeal. [R. 122.] Subsequently, Mr. Luke was appointed counsel pursuant to the Criminal Justice Act, who has now submitted requests for the documentation required to pursue this appeal.

Under 28 U.S.C. § 1654, "the parties may plead and conduct their own cases personally or by counsel," and in felony criminal cases a defendant has a constitutional right to representation by counsel, "or, alternatively, to represent himself." *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987), cert. denied, 484 U.S. 841 (1987). However, neither the Constitution nor the above-referenced statute provides criminal defendants a right to simultaneously assert their right to self-representation and their right to counsel. "[T]here is no statutory or constitutional right to 'hybrid representation.'" *United States v. Cottrell*, 2006 WL 278562, *1 (E.D. Tenn. Feb. 2, 2006) (quoting *Mosley*, 810 F.2d at 97–98).

There are a few situations in which a trial court may exercise its discretion to permit hybrid representation, such as undue delay, jury confusion, conflict over trial strategy, and skill of defense counsel. Mr. Luke has not established that any of these circumstances exist in his case such that hybrid representation should be allowed. *See Mosley*, 810 F.2d at 98. Mr. Luke also has not "knowingly and intelligently" waived his right to counsel, *see Faretta v. California*, 422 U.S. 806, 834 (1975). Accordingly, Mr. Luke's request will be denied without prejudice.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's thorough analysis of Mr. Jerry Luke's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Petitioner Jerry Luke's Motion for Transcripts and Discovery [**R. 123**] is **DENIED WITHOUT PREJUDICE** and Counsel for Mr. Luke is **DIRECTED** to review the *pro se* filing and refile any motions he deems appropriate;

2. Defendant/Petitioner Jerry Luke's Motion to Take Judicial Notice [**R. 126**] is **CONSTRUED** as Objections to the Recommended Disposition;

3. Defendant/Petitioner Jerry Luke's Objections to the Recommended Disposition [**R. 118; R. 126**] are **OVERRULED**;

4. The Magistrate Judge's Recommended Disposition [**R. 117**] is **ADOPTED** as and for the Opinion of this Court;

5. Defendant/Petitioner Jerry Luke's Motion to Vacate under § 2255 [**R. 114**] is **DISMISSED WITH PREJUDICE**;

6. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

7. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 7th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge